**John W. YOUNG, Commissioner, Appellant,**

**v.**

**Torrence WRIGHT et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

consider the liability of the Special Fund for apportionment under KRS 342.120.

Torrence Wright received an injury to his back growing out of his employment on July 22, 1968. Prior to this injury he had a defect of the back described by various medical witnesses as a weakness, a congenital defect, spina bifida, a rotation scoliosis, a twelfth rib and a deformity. There was no evidence from which the Board could have found that the claimant was occupationally disabled prior to the accident.

The employer moved that the Special Fund be made a party and for the appointment of a physician pursuant to KRS 342.-121. Doctor Armand Fischer was appointed and reported to the Board as follows:

"This patient has spina bifida of the sacrum involving the first, second, and third sacral vertebrae. This is a definite weakness in the back, but was non-disabling prior to July 22, 1968. It would be my opinion that the accident of July 22, 1968 aggravated the weakness in the low back region into disability reality to the extent of 15 percent partial permanent disability to the body as a whole."

Doctor Fischer found that the claimant suffered a thirty percent partial permanent disability to the body as a whole, fifteen percent of which was due to the injury and fifteen percent due to the aggravation of the preexisting weakness.

The Special Fund filed a specific objection to Doctor Fischer's report on several grounds among which was the objection that spina bifida of the sacrum is not a disease condition. The Board sustained the objection. The Board then appointed Doctor W. McDaniel Ewing pursuant to KRS 342.315. Doctor Ewing diagnosed a lumbar muscle spasm, rotation scoliosis of the lumbar spine and a rudimentary twelfth rib. The rotation scoliosis was described as a developmental deformity not due to the injury and the rudimentary twelfth rib was described as a congenital defect which had existed all during claimant's lifetime.

Gemma M. Harding, Dept. of Labor, Louisville, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

Fred G. Francis, Prestonsburg, G. C. Perry, III, Paintsville, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

VANCE, Commissioner.

This is a workmen's compensation case in which we are called upon once again to

Doctor Ewing ascribed a ten percent functional disability to the preexisting deformity and thirty percent functional disability to the injury. In his deposition, however, he stated that the preexisting deformity was dormant and nondisabling until aroused into disabling reality.

The Board translated the functional impairment into one-hundred percent occupational disability and awarded benefits to the claimant on the basis of total and permanent disability to be paid entirely by the employer. The Board expressly found that the claimant had no dormant, nondisabling disease condition which was brought into disabling reality by reason of the injury sustained on July 22, 1966.

On appeal the circuit court held that the findings of Doctor Fischer were binding on the Board and directed an apportionment in which the Special Fund was made liable for fifty percent of the award. The Special Fund appeals.

█ The report of Doctor Fischer was not binding because specific objections to the report were properly sustained. The preexisting condition which he found to have been aggravated into disabling reality was found by the Board not to be a disease condition. Doctor Fischer did not specifically characterize this condition as a disease and the Special Fund filed a specific objection that the preexisting condition was not a disease. The Board properly sustained the objection and the Board was not bound to apportion on the basis of Doctor Fischer's report. The report of Doctor Ewing made pursuant to KRS 342.-315 was advisory and not binding.

██ The record contains substantial medical testimony which characterizes the preexisting condition suffered by the claimant as a congenital defect and deformity as distinguished from a disease. Congenital deformities, in and of themselves, are not disease conditions which when aggravated constitute the basis for an apportionment under KRS 342.120. Ap-palachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W.2d 323 (1971).

The Board was not compelled to find from the evidence that claimant had a dormant nondisabling disease condition which was brought into disabling reality as a result of the injury or that claimant was occupationally disabled in any degree prior to his injury. Consequently, an apportionment was not required.

The judgment is reversed for entry of a new judgment upholding the award of the Workmen's Compensation Board.

All concur.